UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONFESOR NUNEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>NASEER, M.D., et al.,<br><br>   Defendants. | No. 2:14-cv-1180 AC P<br><br><br>ORDER |

   Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF Nos. 3, 5.

   Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §
3  1915(b)(2).

4  <u>Screening Requirement</u>

5  The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>,
14  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
16  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

17  A complaint must contain more than a "formulaic recitation of the elements of a cause of
18  action;" it must contain factual allegations sufficient to "raise a right to relief above the
19  speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "The pleading
20  must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]
21  a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, <u>Federal Practice and
22  Procedure</u> § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual
23  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>,
24  556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility
25  when the plaintiff pleads factual content that allows the court to draw the reasonable inference
26  that the defendant is liable for the misconduct alleged." <u>Id.</u>

27  In reviewing a complaint under this standard, the court must accept as true the allegations
28  of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740

(1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

### Plaintiff's Allegations

Plaintiff names three defendants: Dr. Naseer, Dr. C. Smith and W. David Smiley. Defendant Smiley is described as employed by the California Department of Corrections and Rehabilitation (CDCR) as a chief executive officer at Mule Creek State Prison (MCSP). Plaintiff makes generic claims of Eighth Amendment violations against the defendants, as well as broad, unsupported claims of equal protection violations. See Complaint at 9-10.

### Rule 8 Requirement

Plaintiff has appended some 89 pages of exhibits to his eleven-page complaint, apparently anticipating that the court would cull through the attachments to ferret out his claims. That is not the function of the court. Plaintiff's factual allegations must be contained within the body of the complaint.

Plaintiff's vague, conclusory and generalized allegations fail to comply with Rule 8 of the Federal Rules of Civil Procedure which requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990)). Although the Federal Rules adopt a flexible pleading policy, a complaint must provide fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim." Id. (internal citation/quotation marks omitted). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint

### Eighth Amendment Inadequate Medical Care Claim

If plaintiff intends to state a §1983 claim against the defendants for violation of the Eighth Amendment based on inadequate medical care, plaintiff must specifically allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."

1   Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical

2   needs were objectively serious, and that defendants possessed a sufficiently culpable state of

3   mind.  Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th

4   Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate

5   indifference."  Hudson v. McMillian, 503 U.S. 1, 5 (1992).

6        A serious medical need exists if the failure to treat a prisoner's condition could result in

7   further significant injury or the unnecessary and wanton infliction of pain.  Indications that a

8   prisoner has a serious need for medical treatment are the following:  the existence of an injury

9   that a reasonable doctor or patient would find important and worthy of comment or treatment; the

10  presence of a medical condition that significantly affects an individual's daily activities; or the

11  existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-

12  41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).

13  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX

14  Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

15       In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very

16  demanding standard for "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S.

17  at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

18  which is so obvious that it should be known) is insufficient to establish an Eighth Amendment

19  violation.  Id. at 836-37.  It not enough that a reasonable person would have known of the risk or

20  that a defendant should have known of the risk.  Id. at 842.  Rather, deliberate indifference is

21  established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to

22  inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal

23  citation omitted) (emphasis added).

24       A physician need not fail to treat an inmate altogether in order to violate that inmate's

25  Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A

26  failure to *competently* treat a serious medical condition, even if some treatment is prescribed, may

27  constitute deliberate indifference in a particular case.  Id.  However, mere differences of opinion

28  concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.

1 Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344
2 (9th Cir. 1981).  "A difference of opinion between a physician and the prisoner -- or between
3 medical professionals -- concerning what medical care is appropriate does not [without more]
4 amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012); see
5 also, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (difference of medical opinion as to
6 treatment of serious medical needs does not amount to deliberate indifference).

7     A finding that an inmate was seriously harmed by the defendant's action or inaction tends
8 to provide additional support for a claim of deliberate indifference; however, it does not end the
9 inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the
10 medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those
11 needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the
12 defendant."  McGuckin, 974 F.2d at 1061.  Plaintiff has failed to frame a claim of inadequate
13 medical care against any defendant, but will be granted leave to amend in order to allege facts
14 that could establish colorable Eighth Amendment claims against the defendants.

15     Equal Protection

16     "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall
17 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a
18 direction that all persons similarly situated should be treated alike."  Lee v. City of Los Angeles,
19 250 F.3d 668, 686 (9th Cir. 2001) (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S.
20 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "To state a claim under 42
21 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a
22 plaintiff must show that the defendants acted with an intent or purpose to discriminate against the
23 plaintiff based upon membership in a protected class."  Furnace v. Sullivan, 705 F.3d 1021, 1030
24 (9th Cir. 2013) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations
25 omitted), cert. denied, 525 U.S. 1154 (1999)).

26     Plaintiff does not allege facts showing that he is a member of a protected class, fails to
27 show he was treated differently by any defendant from similarly situated inmates, and does not
28 provide facts demonstrating an intent to discriminate.  The court cannot determine from the

complaint, as pleaded, what occurred that plaintiff believes violated his right to equal protection. The complaint will be dismissed with leave to amend.

### Allegations Regarding Supervisory Liability

To the extent plaintiff may seek to frame a claim against defendant Smiley based on his supervisory duties, plaintiff is informed that the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff's complaint is dismissed with leave to amend.

### Amendment

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how

1  each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there
2  is some affirmative link or connection between a defendant's actions and the claimed deprivation.
3  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
4  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
5  allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board
6  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
8  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
9  complaint be complete in itself without reference to any prior pleading. This is because, as a
10 general rule, an amended complaint supersedes the original complaint. See Lacey v. Maricopa
11 County, 693 F.3d 896, 927 (9th Cir. 2012) ) ("the general rule is that an amended complaint
12 super[s]edes the original complaint and renders it without legal effect... .") Once plaintiff files an
13 amended complaint, the original pleading no longer serves any function in the case. Therefore, in
14 an amended complaint, as in an original complaint, each claim and the involvement of each
15 defendant must be sufficiently alleged.

16     In accordance with the above, IT IS HEREBY ORDERED that:

17     1. Plaintiff's request for leave to proceed in forma pauperis is granted.

18     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
19 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
20 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
21 Director of the California Department of Corrections and Rehabilitation filed concurrently
22 herewith.

23     3. The complaint is dismissed for the reasons discussed above, with leave to file an
24 amended complaint within twenty-eight days from the date of service of this order. Failure to file
25 an amended complaint will result in dismissal of this action.

26 DATED: September 29, 2014

27                                      ALLISON CLAIRE
28                                      UNITED STATES MAGISTRATE JUDGE